TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (CA State Bar # 111536); *gsgilchrist@townsend.com*
TALI L. ALBAN (CA State Bar # 233694); *tlalban@townsend.com*
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>Danielle SECHREST, an individual, Steven SECHREST, an individual, and James KILLIAN, an individual, doing business as REPLACEMENTSLIPCOVERS.COM,<br><br>               Defendants. | Case No. CV 08-1597 RS<br><br>**PLAINTIFF WILLIAMS-SONOMA, INC.'S NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>Date: Wednesday, August 20, 2008<br>Time: 9:30 a.m.<br>Courtroom: # 4<br>Magistrate Judge Richard Seeborg |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

    PLEASE TAKE NOTICE that on August 20, 2008, at 2:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Richard Seeborg, Magistrate Judge of the United States District Court, 2112 Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose, California 95113, Plaintiff WILLIAMS-SONOMA, INC. ("WSI") will apply to this Court for a default judgment against Defendants Danielle Sechrest, Steven Sechrest and James Killian, doing business as Replacementslipcovers.com (collectively, "Defendants"), pursuant to

Federal Rule of Civil Procedure 55(b).

The Application will be based on this Notice; the Memorandum of Points and Authorities in Support; the Declaration of Tali Alban with exhibits, filed concurrently with this Notice, all of the files and records of this action; and on any additional material that may be elicited at the hearing of this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

WSI filed its Complaint against Defendants for trademark infringement, dilution of a famous mark, copyright infringement, false designation of origin and false description and unfair competition, to stop Defendants from using WSI's copyrighted photographs and famous Pottery Barn trademarks on Defendants' websites and eBay store. After Defendants failed to answer the Complaint, WSI sought and obtained entry of Defendants' default. WSI now moves for entry of a default judgment against Defendants, seeking a permanent injunction prohibiting Defendants from using WSI's copyrighted photographs or using WSI's marks in connection with the sale of any of Defendants' goods or unlawfully appropriating WSI's goodwill. WSI also applies for reimbursement of its attorneys' fees and costs incurred in prosecuting this action.

### II.   STATEMENT OF FACTS

WSI marks its Pottery Barn® products with a set of trademarks that are famous throughout the United States, including the famous Pottery Barn® Trademark (collectively, the "Pottery Barn Marks"). Prior to the events giving rise to this action, and continuing to the present, WSI has spent substantial time, money, and effort in the promotion and advertisement of its products, and has sold millions of dollars of products under its Pottery Barn trademarks. Through such financial investment and effort, WSI has developed considerable goodwill and a reputation for quality products. (Complaint ¶ 12.)

WSI has been using the Pottery Barn trademark in interstate commerce continuously since 1956, and at all time periods relevant to the claims in this Complaint, on a variety of products, including home furnishings and slipcovers. (Complaint ¶ 11.) WSI owns federal registrations for its Pottery Barn Marks. (Complaint ¶ 9 & Exh. A.) The Pottery Barn Mark is famous and potential and

1  actual consumers accept and recognize the Pottery Barn Marks as identifying WSI's products only and
2  distinguishing them from products manufactured and sold by others. (Complaint ¶ 13.) WSI also
3  owns valid copyright registrations for its Pottery Barn® catalogs. (Complaint ¶ 10 & Exh. B.)
4      WSI asserts that, Defendants, with knowledge of WSI's Pottery Barn Marks, have obtained
5  substantial profits using the Pottery Barn Mark in connection with the sale of their own products on
6  their website and its eBay store. (Complaint ¶¶ 19, 20.) Defendants have also systematically made
7  electronic copies of WSI's copyrighted images and displayed them on their
8  <replacementslipcovers.com> website in connection with the sale of Defendants' own products.
9  (Complaint ¶ 14.) WSI believes that Defendants have marketed and sold substantial quantities of
10 products by virtue of their infringement of the Pottery Barn Marks, and the copyrighted images, and
11 have obtained and continue to obtain profits from these sales. (Complaint ¶ 19.)
12     On October 16, 2007, counsel for WSI contacted Defendants with notice of WSI's rights and a
13 demand that Defendants cease infringing WSI's intellectual property rights. (*See* Declaration of Tali.
14 L. Alban in Support of WSI's Application for Default Judgment By Court, filed herewith, at ¶ 2.) In
15 response, Defendants assured counsel for WSI that they would cease their infringing acts. (*Id.* at ¶ 3.)
16 However, Defendants did not cease as promised, and WSI's counsel followed up with another letter on
17 November 1, 2007. (*Id.* at ¶ 4.) After receiving no further response from the Defendants, WSI filed
18 its Complaint on March 24, 2008. WSI proceeded to effect personal service of the complaint, which
19 was accomplished on two of the Defendants on March 28, 2008 and on the third on April 10, 2008.
20 Proof of service was filed with the Court on April 16, 2008. (*Id.* at ¶¶ 6, 8.) The deadline for
21 Defendants' answers were April 17, 2008, and April 30, 2008, respectively.
22     Neither WSI nor its counsel has received any communications from Defendants or their
23 counsel since receipt of their initial assurances that they would remove all infringing marks and
24 photographs from their websites. (*Id.* at 11.) As recently as April 8, 2008, counsel for WSI observed
25 that Defendants were still using WSI's copyrighted photos on its websites, and as recently as July 8,
26 2008, on its ebay store. (*Id.* ¶ 10.) Defendants' continuing unfair competition, copyright and
27 trademark infringement, trademark dilution and its blatant disregard for the judicial process merit the
28 relief sought by WSI.

### III. WSI IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT

Once a defendant has defaulted, the well-pleaded allegations of the complaint are accepted as true, and the defendant's liability as framed by the complaint is established. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995); *Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1414 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109 (1991); *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The well-pleaded allegations of WSI's complaint establish all the elements necessary to entitle WSI to judgment on its claims.

The Lanham Act prohibits the unauthorized use in commerce of "any reproduction, counterfeit, copy or colorable imitation of a registered mark" where such use is likely to cause confusion, to cause mistake, or to deceive. 15 U.S.C. § 1114(1)(a). To prevail on its trademark infringement claims, WSI must prove that (1) it owns valid and protectable trademarks, and (2) defendant's use of similar designs creates a likelihood of confusion as to the origin or sponsorship of defendant's goods. *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985); *Metro Pub., Ltd. v. San Jose Mercury News*, 987 F.2d 637, 639 (9th Cir. 1993); *Quality Semiconductor, Inc. v. Qlogic Corp.*, 31 U.S.P.Q.2d (BNA) 1627 (N.D. Cal. 1994). Likewise, to prevail on its dilution claim, the required elements are ownership of a famous mark and likely dilution, either by tarnishment or by blurring the mark's distinctiveness. *Panavision Int'l, L.P. v. Toeppen*, 141 F. 3d 1316, 1324 (9th Cir. 1998); *Ringling Bros. Barnum & Bailey Combined Shows, Inc. v. B.E. Windows Corp.*, 937 F. Supp. 204, 208 (S.D.N.Y. 1996); 15 U.S.C. § 1125(c) (as recently amended to require only a showing of "likely" dilution). Further, an unfair competition claim for false designation of origin is established when there is a "likelihood of confusion." *Walter v. Mattel, Inc.*, 210 F. 3d 1108, 1111 (9th Cir. 2000). [T]he owner of copyright under Title 17 has the exclusive rights to reproduce, distribute to the public, or display copyrighted works. 17 U.S.C § 106. "Anyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501(a). To prevail on its copyright infringement claim, "two elements must be proven: (1) ownership of the valid copyrights, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

The complaint sets forth WSI's registered Pottery Barn® trademark and the WSI registrations, applications and common law marks incorporating the Pottery Barn® name, including PB, and properly alleges that Defendants' intentional infringement of the Pottery Barn Marks creates a likelihood of confusion, mistake and deception among consumers as to the source of the infringing slipcovers, causes the public falsely to associate WSI with the defendant and vice versa, dilutes the distinctive value of the Pottery Barn® trademark and other Pottery Barn Marks, and causes damage to WSI (Complaint ¶¶ 14-15; 19-20; 34-37); *see* 15 U.S.C. §§ 1114, 1125. The Complaint also sets forth WSI's valid copyright registrations for its Pottery Barn® catalogs and photographs and properly alleges that Defendants intentionally, willfully and in bad faith display and/or reproduce WSI's copyrighted photographs. These allegations are deemed true, and, accordingly, WSI is entitled to the following relief authorized by federal and state trademark laws.

### A. Injunctive Relief

Federal law expressly authorizes courts to grant injunctions to remedy violations of a trademark owner's rights. 15 U.S.C. § 1116. WSI's complaint specifically alleges that Defendants' actions have caused and, unless enjoined, will cause WSI irreparable harm for which money damages are inadequate. (Complaint ¶ 35.) Because Defendants' infringement of WSI's continues, only injunctive relief prohibiting its infringing activities can remedy WSI's injuries. Indeed, federal courts have held that damages caused by trademark infringement are "by their very nature irreparable and not susceptible of adequate measurement for remedy at law." *Int'l Kennel Club, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988) (*quoting Processed Plastic Co. v. Warner Communications, Inc.*, 675 F.2d 852, 858 (7th Cir. 1982)); *see also Lone Star Steakhouse & Saloon v. Alpha of Virginia*, 43 F.3d 922, 939 (4th Cir. 1995) ("we recognize that irreparable injury regularly follows from trademark infringement"). Accordingly, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); *see also Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996) ("[a] permanent injunction issues to a party after winning on the merits and is ordinarily granted upon a finding of trademark infringement"), *cert. denied*, 519 U.S. 1059 (1977). A permanent injunction is

particularly appropriate here where there is evidence that the infringer has not ceased use of the infringing marks and photographs. Absent injunctive relief, Defendants' infringement will continue unabated.

### B. Attorneys' Fees and Costs

#### 1. Attorneys Fees and Costs under the Copyright Act

WSI also seeks an award of its attorneys' fees and costs in this action. The award of costs and attorneys fees is explicitly authorized by the Copyright Act, 17 U.S.C. § 505, which provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The policy in favor of awarding attorney fees to the prevailing party in copyright infringement cases are well-summarized in *Branch v. Ogilvy*, 772 F.Supp. 1359, 1365 (S.D.N.Y. 1991): "Although discretionary, awarding attorney's fees is the rule rather than the exception." *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985). Attorney's fees are awarded in order to assure equal access to the courts, to provide an economic incentive to challenge infringements, and to penalize the losing party. *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983) (citing *Quinto v. Legal Times of Washington, Inc.*, 511 F.Supp. 579, 581 (D.D.C. 1981)). Thus, because the purposes of Section 505 are to encourage the assertion of colorable copyright claims and to deter infringement, prevailing plaintiffs usually recover their fees. The copyright act makes clear that WSI is entitled to recovery of its attorneys' fees and costs, the amount of which is set forth in the attached Declaration.

#### 2. Attorneys fees and Costs for Trademark Infringement

Courts also award a prevailing trademark plaintiff its attorneys' fees and costs when the defendant's infringements were deliberate or willful. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993). "[G]enerally, a trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate, or willful." *Id.* (*quoting Lindy Pen Co. v. Bic Corp.*, 982 F.2d 1400, 1409 (9th Cir.), *cert. denied*, 510 U.S. 815 (1993)). WSI has alleged in its complaint that Defendants' infringement was intentional and this is an "exceptional" case. (Complaint ¶ 41.) This allegation must be deemed true as a result of Defendants' default and it

1  is well established that a case may be considered "exceptional" where the defendant disregards the
2  proceedings and does not appear. *See, e.g, Taylor Made Golf Co., Inc.*, 1997 U.S. Dist. LEXIS 16998
3  at *663. That is this case. WSI, again, is entitled to recover its attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, WSI respectfully requests that this Court enter a default judgment against defendant Defendants, Inc., grant injunctive relief and reimburse WSI for its attorneys' fees and costs incurred, as set forth in the accompanying proposed Judgment.

DATED: July 9, 2008                    Respectfully submitted,

                                       TOWNSEND AND TOWNSEND AND CREW LLP


                                       By:    /s/ Tali L. Alban
                                              Gregory S. Gilchrist
                                              Tali L. Alban
                                       Attorneys for Plaintiff
                                       WILLIAMS-SONOMA, INC.

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

**PLAINTIFF WILLIAMS-SONOMA, INC.'S NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY COURT**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

| | |
|---|---|
| Danielle Sechrest<br>21036 Torrence Chapel Road<br>Cornelius, NC 28031<br><br>Steven Sechrest<br>21036 Torrence Chapel Road<br>Cornelius, NC 28031 | James Killian<br>19219 Dutch Iris Drive<br>Cornelius, NC 28031 |

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: July 9, 2008

Kristine J. Storheim

PROOF OF SERVICE
CASE NO. CV-08-1597 RS